UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRANK J. BRYANT (#106056)

VERSUS                                           CIVIL ACTION

SGT. TREVEN MILES, ET AL                         NUMBER 07-790-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 2, 2008.

                                     STEPHEN C. RIEDLINGER
                                     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRANK J. BRYANT (#106056)

VERSUS                                              CIVIL ACTION

SGT. TREVEN MILES, ET AL                            NUMBER 07-790-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment. Record document number 11. The motion is not opposed.

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Trevor Miles[1], Capt. Richard Hunt Jr. and Capt. Woods. Plaintiff alleged that he was subjected to an excessive use of force in violation of his constitutional rights.

Defendants[2] moved for summary judgment relying on a statement of undisputed facts, the results of Administrative Remedy Procedure (hereinafter ARP) LSP-2007-1114, and the affidavits of Trevor Miles, Richard Hunt and Dr. Jonathan Roundtree, copies of the

---

[1] Identified as Treven Miles in the complaint.

[2] Capt. Woods was not served with the summons and complaint and did not participate in the defendants' motion for summary judgment. The court ordered service by the U.S. Marshal on December 28, 2007. Record document number 7. Despite being notified that the defendant has not been served, see record document number 9, the plaintiff has taken no action to correctly identify this defendant or have him served.

plaintiff's medical records, and a copy of Louisiana State Penitentiary Directive No. 09-002.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e). Plaintiff has neither opposed the evidence offered by the defendants nor submitted any fact showing that there is an issue for trial. It is clear that a party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary judgment. *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

Plaintiff alleged that on March 25, 2007, while in the shower, Capt. Woods and Capt. Hunt sprayed him with two cans of Punch 2 chemical agent. Plaintiff alleged that he sustained injuries to his eyes, lungs and skin.

Plaintiff named Sgt. Miles as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of

constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline.  *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986).  A necessary element of the excessive force claim is the proof of injury resulting from the use of force.  *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

The summary judgment evidence showed that while in the shower cell, the plaintiff was creating a disturbance on the tier by shaking his cell bars and yelling.[3]  Sgt. Miles gave the plaintiff several orders to cease the disturbance.[4]  When the plaintiff failed to comply with Sgt. Miles' orders, Sgt. Miles notified Lt. Hunt.[5]  Lt. Hunt came to plaintiff's cell and ordered him to cease the disturbance.[6]  Plaintiff cursed Lt. Hunt and refused to comply

---

[3] Affidavit Trevor Miles.

[4] *Id.*

[5] *Id.* at 2.

[6] Affidavit Richard Hunt.

with his orders.[7] Lt. Hunt retrieved a can of Punch 2 chemical agent and once again ordered the plaintiff to cease the disturbance.[8] When the plaintiff again failed to comply, Lt. Hunt sprayed him with a one second burst of Punch 2 chemical agent.[9] Plaintiff then complied with orders and was permitted to shower and change into a clean jumpsuit.[10] Plaintiff was examined by medical personnel following the incident.[11] No abnormal signs of trauma were noted.[12] Plaintiff's examination was normal.[13] Plaintiff was discharged and returned to his housing unit.[14]

The summary judgment evidence supports a finding that the plaintiff created a disturbance on the unit, failed to comply with orders to cease the disturbance, and that a small amount of chemical agent was applied to gain control over the plaintiff. There is no medical evidence that the plaintiff sustained any injury as a result of being sprayed with the chemical agent. Defendants are entitled to summary judgment as a matter of law.

---

[7] *Id*. at 2.

[8] *Id*.

[9] *Id.*

[10] *Id.*

[11] Affidavit Dr. Jonathan Roundtree.

[12] *Id*. at 2.

[13] *Id*.

[14] *Id*.

RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and this action be dismissed. It is further recommended that the claims against Capt. Woods be dismissed for failure to timely serve the defendant pursuant to Rule 4(m), Fed.R.Civ.P.

Baton Rouge, Louisiana, May 2, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE